JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cv-007851-RGK-(PLAx) |
| Plaintiff, | |
| v. | [~~PROPOSED~~] CONSENT JUDGMENT OF FORFEITURE |
| 2,640 CASES OF IMPORTED BOTTLED ALCOHOL LABELED PINEAPPLE FRUIT WINE AND 1,320 CASES OF IMPORTED BOTTLED ALCOHOL LABELED PEACH FRUIT WINE, | |
| Defendant. | |

   Plaintiff and claimant OB USA, Inc. have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

   The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.  OB USA, Inc. has filed a claim and has answered the complaint.  No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired.  This Court has jurisdiction over the parties to this judgment and the defendant alcohol.  Any potential claimants to the defendant alcohol other than OB USA, Inc. are deemed to have admitted the allegations of the complaint with respect to the defendant alcohol.

2. Claimant shall export the defendant alcohol from the United States in accordance with the terms and conditions set forth in this Stipulation.

3. Claimant shall pay the sum of $1,571.60 to secure the release of the defendant alcohol.  This payment is due and owing as specified by the contract storage facility.  The contract storage facility will not turn over the defendant alcohol to be exported prior to the Government's (through the United States Customs and Border Protection ("CBP") receipt of Claimant's payment for the seizure and storage-related costs and charges, which is $1,571.60.

4. The defendant alcohol must be exported from the United States to a country that is non-contiguous with the United States.  The defendant alcohol must physically leave the country according to the time deadlines listed herein and cannot be placed into a Foreign Trade Zone, customs bonded warehouse, or similar location inside the United States.

5. Claimant shall promptly arrange for the exportation of the defendant alcohol from the United States by a bonded carrier and file an Immediate Exportation Entry (CBP Form 7512) with the CBP Export Desk with an annotation in the body of the form stating "DENIED ENTRY – FOR EXPORT ONLY".  Claimant must provide a copy of the executed and approved Form 7512 to the Office of Fines, Penalties, and Forfeitures ("FP&F") before any arrangements for release are made.  When the

Immediate Exportation Entry has been approved, it will be presented by Claimant to the seized property contractor. Upon release by the contract storage facility, the defendant alcohol shall immediately be transported to the export location and exported without delay.

     6.    Within 15 days of export of the defendant alcohol Claimant will provide to FP&F (301 E. Ocean Blvd., Suite 900, Long Beach, CA 90802) an Export Bill of Lading and Dock Receipt.

     7.    Claimant will not import the defendant alcohol back into the United States. If the defendant alcohol has been reintroduced into the United States, Claimant waives all of its rights, title, and interest in the defendant alcohol, and consents to the defendant alcohol's forfeiture or other appropriate disposition without any further notifications.

     8.    Claimant shall satisfy its obligations under this agreement within 60 days of the effective date of this agreement. The time limits in this Agreement may be extended upon submission by Claimant to CBP of a written request for extension. Any such request must be submitted at least 5 days prior to the expiration of the applicable time limit to the attention of Nicole Kalupa via email at nicole.h.kalupa@cbp.dhs.gov.

     9.    If Claimant does not satisfy its obligations under this agreement within 60 days of its execution, or within the deadlines set by any extension(s), as a result of Claimant's conduct or omission, Claimant's claim to the defendant alcohol shall be withdrawn, claimant will be deemed to have waived all right, title, and interest in and to the defendant alcohol and any payments made pursuant to paragraph 2, and the defendant alcohol shall be forfeited to the United States.

     10.    Claimant waives its right to any further notice regarding the disposition of the defendant alcohol in the event of forfeiture. CBP shall administratively forfeit the defendant alcohol or take any other action in accordance with the law.

     11.    Claimant waives and relinquishes all rights to contest the seizure of the defendant alcohol, including all judicial review of the seizure and the right to request remission or mitigation of any forfeiture. This judgment shall be construed as a

certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant alcohol. However, nothing in this agreement shall be read as an admission by Claimant that the defendant alcohol was imported contrary to any law or regulation.

12. Claimant releases and forever discharges the United States, its officers, agents, servants, and employees, their heirs, successors, or assigns, from any and all actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Claimant, its heirs, successors, or assigns, ever had, now has, or may have in the future in connection with the detention, seizure, forfeiture, remission, release, and/or other disposition of the defendant alcohol.

13. Claimant will hold the United States, its officers, agents, servants, and employees, their heirs, successors, or assigns, harmless from, and indemnify for, any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever in connection with the detention, seizure, forfeiture, release, and/or other disposition of the defendant alcohol.

//
//

14. Each of the United States and Claimant shall bear its own attorney's fees and costs, if any, associated with this action or with the related action, *OB USA, Inc. v. United States of America*, CV 18-04981-RGK (PLAx), whether pursuant to 28 U.S.C. § 2465 or otherwise.

DATED: _August 6, 2021

_____
THE HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Prepared by:

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section